**TIMOTHY J. RYAN, SBN 99542**
**REBEKKA R. MARTORANO, SBN 173600**
**MARLA R. WESTON, SBN 209460**
**RYAN & FONG, P.C.**
2379 Gateway Oaks Drive, Suite 100
Sacramento, California 95833
Telephone: (916) 924-1912
Facsimile: (916) 923-3872
tryan@ryanfong.com

Attorneys for Plaintiff and Counter-Defendant
GLOBAL AEROSPACE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GLOBAL AEROSPACE, INC., | Case No.  2:06-CV-00594-LKK-KJM |
| Plaintiff, | |
| v. | |
| | **STIPULATED PROTECTIVE ORDER** |
| ARTHUR J. GALLAGHER & CO. INSURANCE BROKERS OF CALIFORNIA, INC., | (as approved by the court with annotations in underline/strikeout format) |
| Defendant. | |

Plaintiff and Counter-Defendant Global Aerospace, Inc., by and through its attorneys, Ryan & Fong, and Defendant and Counter-Complainant Arthur J. Gallagher & Co. Insurance Brokers of California, Inc., by and through its attorneys, Hanson Bridgett Marcus Vlahos & Rudy, LLP, hereby stipulate and agree that an order may be entered in this action in the form set forth below.

Dated: _____, 2006[1]          RYAN & FONG

                                        By: _____
                                        MARLA R. WESTON
                                        Attorneys for Plaintiff and Counter-Defendant
                                        Global Aerospace, Inc.

---

[1] The court acknowledges the filing of an original stipulated protective order signed and dated by counsel.

1

_____
**STIPULATED PROTECTIVE ORDER** (as approved by Court)

Dated: _____, 2006                HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

By: _____
CHRISTINA M. NUGENT
Attorneys for Defendant and Counter-Complainant Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.

## STIPULATED PROTECTIVE ORDER

All discovery conducted in this action shall be subject to the following Protective Order:

1. The term "Confidential and Protected Document" shall be deemed to refer to any specifically identified confidential trade secret, commercial and proprietary document produced by or disclosed by either of the parties during the course of this action entitled *Global Aerospace, Inc. v. Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.*, Eastern District of California, Case No. 2:06-CV-00594-LKK-KJM (hereafter, the "Subject Action").

2. The following provisions shall govern the use of a "Confidential and Protected Document" by any person (not including the Court or court personnel) to whom such document is produced or otherwise disclosed, whether in response to discovery or otherwise, in the Subject Action:

(a) Any Confidential and Protected Document (and any copy, excerpt, digest, summary, or index thereof) and the information contained therein will be used only for the purposes of preparation for trial and trial of the Subject Action.

(b) All a party's Confidential and Protected Documents produced in the Subject Action (and all copies, excerpts, digests, summaries, and indices of these documents) shall be returned to counsel for that party at the conclusion of the Subject Action.

(c) Confidential and Protected Documents and the information contained therein will not be disclosed to anyone other than the attorneys for the parties, court personnel (including the Court), certified court reporters, consultants, and experts engaged to prepare their respective cases in the Subject Action. Such attorneys, ~~court personnel,~~ court reporters, consultants, and experts will agree to be bound by the terms of this Protective Order.

(d) Notwithstanding the foregoing, Confidential and Protected Documents shall not be disclosed to any employee, agent, consultant, or representative of any company that is a competitor

2

1  of any party.

2    (e) The Confidential and Protected Documents and the information contained therein
3  may be shown to and used by experts and consultants engaged by the parties or their counsel for the
4  purposes of preparing the Subject Action for trial. All notes, copies or other reproductions of the text
5  of a party's Confidential and Protected Documents, however made, shall be returned to that party's
6  counsel at the conclusion of the Subject Action.

7    (f) In the event that questions asked at depositions require disclosure of any party's
8  Confidential and Protected Documents or the information contained therein, that party's counsel will
9  specify on the record that the pertinent pages of the deposition transcript are to be sealed <u>(with the status</u>
10 <u>of documents submitted to the Court determined by the Court as indicated in subsections (g) and (h)</u>
11 <u>below)</u>, designated "Confidential and Protected" under this Protective Order, and utilized only as
12 permitted by this Protective Order.

13   (g) In the event that any Confidential and Protected Document (and any copy, excerpt,
14 digest, summary, or index thereof) is presented, quoted, or referred to in any pleading or memorandum
15 or other submission filed with the Court, <u>the party filing</u> that portion of the pleading, memorandum, or
16 other submission shall ~~be filed~~ <u>request that the Court allow the filing</u> under seal <u>as provided by Local</u>
17 <u>Rule 39-141</u> and shall <u>otherwise make the Document or any portion thereof</u> ~~be made~~ available to
18 persons and use~~d~~ <u>it</u> only as permitted by this Protective Order.

19   (h) In the event that <u>any party wishes to offer or introduce into evidence, or otherwise</u>
20 <u>file with the Court during the pendency of trial of the Subject Action, any</u> ~~a party's~~ Confidential and
21 Protected Document ~~is offered or introduced into evidence or otherwise filed with the Court during the~~
22 ~~pendency of trial of the Subject Action~~, <u>counsel for such party shall request, no later than the pretrial</u>
23 <u>status conference, that the Court allow the handling of any such Document in a manner consistent with</u>
24 <u>the terms of this Protective Order; provided, however, that the Court in its sole discretion will determine</u>
25 <u>whether any such Document will be sealed during trial or returned to counsel following trial.</u>  ~~offering~~
26 ~~or introducing such document will, at the conclusion of the Subject Action, promptly request return~~
27 ~~of such document and, upon receipt thereof, shall return the document to counsel for the party to which~~
28 ~~the document belongs.~~

(i) Each document or thing designated by a party as "Confidential and Protected" and, therefore, subject to the terms of this Protective Order, will be plainly marked with a legend identifying it as a "Confidential and Protected Document" subject to the terms of this Protective Order.

(j) At the conclusion of the Subject Action, all documents or portions thereof that have been designated as "Confidential and Protected" by a party that have been obtained as a result of discovery in this action, and that are in the possession of counsel, of another party, of an expert, or of a consultant shall be returned to counsel for the party to which the documents belong.

(k) All provisions herein regarding confidentiality and non-disclosure of any document and the information contained therein shall continue to be in force after the completion of the Subject Action.

3. Any party within ten (10) days of notice that a document has been designated as "Confidential and Protected" may object in writing to such designation. If the parties are unable to resolve said objection within fifteen (15) days of notice to the designating party of the objection, the objecting party may submit the dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as Confidential and Protected. The failure of the objecting party to submit the dispute to the Court within thirty (30) days of written notice of the designation as a Confidential and Protected document shall constitute a waiver of that party's right to challenge the designation.

4. This Protective Order is binding on counsel, the parties, insurers, and insureds involved in the Subject Action, as well as upon any experts or consultants engaged by or on behalf of same.

**IT IS SO ORDERED**.

Dated: September 19, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

4

**STIPULATED PROTECTIVE ORDER** (as approved by Court)